MR. JUSTICE HUNT,
dissenting:
The majority holds that the exception to res judicata found in the Restatement (Second) of Judgments Section 28 (1960) does not apply in this case. I cannot agree. The situation in this case falls within the purview of the Restatement exception. Restatement (Second) of Judgments Section 28 (1960) states:
“Section 28. Exceptions to the General Rule of Issue Preclusion.
“Although an issue is actually litigated and determined by a valid and final judgment, and the determination is essential to the judgment, relitigation of the issue in a subsequent action between the parties is not precluded in the following circumstances:
“(2)(b) a new determination is warranted in order to take account *507 of an intervening change in the applicable legal context or otherwise to avoid inequitable administration of the laws . . .
When Cole filed his claim, the Workers’ Compensation Court decided a number of factual issues. The court found that Cole’s disability was permanent and total. The court further found that Cole was entitled to a conversion of his biweekly benefits to a lump sum for the purpose of capitalizing a new business offering a reasonable likelihood of success. As appellant concedes, res judicata bars relitigation of these factual determinations. However, the decision to reduce Cole’s lump-sum award to present value was purely one of law, no factual determinations were made. The court decided that as a matter of law Cole’s lump-sum payment must be reduced to its present value. Subsequent to that decision, and in a different case, we held that lump-sum awards cannot be discounted to present value. Therefore, a new determination is warranted in order to take account of that intervening change in the applicable legal context.
Further, a new determination is warranted in order to avoid inequitable administration of the laws. The reduction of a lump-sum award to its present value is inequitable. In Hall v. State Compensation Insurance Fund (Mont. 1985), [218 Mont. 181,] 708 P.2d 234, 42 St.Rep. 1502, we held that the 1972 Mont. Const., Art. II, Section 16 as applied to the Workers’ Compensation Act gives workers a right to be made whole. In 1975, when the legislature considered and adopted an amendment eliminating the statutory requirement that lump-sum awards be discounted, abundant testimony was elicited that a worker who received his benefits in a lump sum could only be made whole by receiving the lump-sum payment undiscounted to present value.
Cole’s undiscounted lump-sum payment would have been $217,152. The payment after discount was $75,670, a little over one-third of the undiscounted amount. His right to be made whole warrants reconsideration of this issue. In the interest of equitable administration of the laws, relitigation of appellant’s claim to biweekly benefits is justified.
Instead of applying an analysis such as that presented, the majority bases its decision on the language of the Restatement section which states that relitigation is not precluded “in a subsequent action between the parties.” The majority’s narrow interpretation of the phrase, “in a subsequent action,” is inconsistent with both the spirit of Workers’ Compensation law and the intention of the Restatement.
*508 As the majority admits, Workers’ Compensation actions serve a different social policy than other types of litigation, that of providing benefits. In cases such as this, where liability is not contested, the litigants seek a resolution of their disputes based upon the knowledge that the very purpose of the Workers’ Compensation Act is to provide benefits. Yet Cole received merely a fraction of the amount he is now known to have been entitled to under the Act. Granting Cole’s petition for emergency rehearing would uphold the policy behind the Workers’ Compensation Act.
Further, the phrase, “in a subsequent action,” should not be construed so narrowly as to frustrate the very intention of the framers of the Restatement exception. The authors of the Restatement include the following illustration of the application of Section 28:
“5. A, an employer, brings an action against B, a labor union, to enjoin a strike in breach of a collective bargaining agreement. The action is dismissed on the ground that a statute deprives the court of jurisdiction to issue such injunctions. In a subsequent case involving two different parties, the decision in A v. B is overruled and jurisdiction to enjoin such a strike is sustained. A is not precluded from asserting jurisdiction in an action to enjoin B from continuing the same strike, from engaging in another strike in breach of the same contract, or from engaging in a strike in breach of a subsequent contract.” (Emphasis added.)
Restatement (Second) of Judgments Section 28 at 278-9.
As this example illustrates,the “subsequent action” referred to in the Restatement includes the same parties seeking a different result in a continuing situation where there has been no change in the facts, but a significant change in the law. Just as an employer is not precluded, by a previous court ruling, from returning to court to enjoin the same ongoing strike, so too should Cole not be precluded, by a previous court ruling, from returning to court to obtain a redetermination of his compensation award.
I cannot agree with the majority’s holding that appellant’s petition for an emergency rehearing constitutes a “subsequent action,” thereby precluding application of Section 28 of the Restatement.
MR. JUSTICE SHEEHY concurs in the foregoing dissent.